UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY RUSSO,

    Petitioner,

v.

THE ATTORNEY GENERAL, et al.,

    Respondent.

Civil Action No. 15-6736(SRC)

OPINION

**I.    INTRODUCTION**

This matter has been opened to the Court by Petitioner's filing of an Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that the New Jersey State Parole Board ("NJSPB") improperly denied him parole. Having reviewed the Amended Petition, Respondent's Answer, Petitioner's reply, and the relevant record, the Court will deny the Amended Petition for the reasons stated in this Opinion and will also deny a certificate of appealability.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts regarding Petitioner's criminal history are taken from the Appellate Division's 2014 decision affirming the denial of parole:

> Russo . . . was convicted of the capital murder of an off-duty police officer in 1961 and sentenced to death. In January 1972 the death sentence was commuted to a term of life imprisonment. On August 12, 1975, after serving fourteen years in prison, Russo was paroled.
>
> However, in September 1981, Russo was charged with receipt of stolen property and removing a vehicle identification number. On February 26, 1982, a jury returned a verdict finding Russo guilty of both charges. He was sentenced to a four year term, with a two-year parole disqualifier.

1

> Russo was paroled again on April 24, 1984, but was arrested one month later in connection with the purchase of 5000 pounds of marijuana. In October 1986, a jury found Russo guilty of conspiracy and various controlled dangerous substance offenses. Russo received a fifty-year aggregate term, with a twenty-year parole disqualifier, to run consecutive to his sentence for the parole violation on the murder charge.
>
> In March 2003, while serving his sentence in the minimum security unit at Bayside State Prison, Russo escaped from custody. Eventually Russo turned himself in to police and was charged with escape. In December 2003, he was sentenced to a three year term, to run consecutive to his then current sentences.

*Russo v. New Jersey State Parole Bd.*, No. A-5237-12T4, 2014 WL 3396085, at *1 (N.J. Super. Ct. App. Div. July 14, 2014).

Russo first became eligible for parole in 2007, and on May 7, 2007, Russo appeared before a two-member panel of the NJSPB, which denied him parole and established the thirty-six month FET. *See Russo v. New Jersey State Parole Bd.*, No. A-3455-07T2, 2008 WL 5083505, at *1 (N.J. Super. Ct. App. Div. Dec. 4, 2008). On December 4, 2008, the Appellate Division affirmed the NJSPB's decision. *Id.* at *5. On June 29, 2011, the NJSPB denied parole again, establishing a thirty-four month FET, *see Russo v. New Jersey State Parole Bd.*, No. A-5971-10T1, 2012 WL 2160288, at *1 (N.J. Super. Ct. App. Div. June 15, 2012), and the Appellate Division affirmed the NJSPB's decision on June 15, 2012. *Id.* at *3.

On May 29, 2013, the NJSPB again denied Russo parole and established a thirty-four month FET. (ECF Nos. 19-14, 19-15, Exhs. K, L). Russo retained counsel and appealed the decision to the Appellate Division. On July 14, 2014, the Appellate Division affirmed the decision of the NJSPB in its entirety. (ECF No. 19-15, Exh. L). Russo filed a petition for certification to the Supreme Court of New Jersey. On December 16, 2014, the Supreme Court denied Russo's petition for certification. *Russo v. State Parole Bd.*, 104 A.3d 1077 (N.J. 2014).

Petitioner's petition for writ of habeas corpus was initially docketed on September 8, 2015. (ECF No. 1.) Not long after filing the petition, Russo learned that he would soon be released on parole, and he asked the Court to withdraw the petition without prejudice. (ECF No. 5.) The Court granted his request and dismissed the Petition without prejudice on November 23, 2015. (ECF Nos. 6-7.)

Russo was subsequently granted parole and released from the NJDOC's custody on or about January 11, 2016. (*See* ECF Nos. 19-19, 19-20, Exhs. P, Q.) The parole supervision is applicable to his life sentence for murder, his 50-year sentence with a 20-year parole disqualifier for the drug charges, and his 3-year sentence for the escape charge. (*See* ECF No. 19-20, Ex. Q.) Russo currently resides in Davie, Florida; the Florida parole authorities are supervising him on the NJSPB's behalf. (*Id.*) Petitioner subsequently wrote to the Court seeking to reopen his habeas petition, and, on May 20, 2016, the Court reopened the matter and permitted Petitioner to submit an Amended Petition. (ECF No. 11.) The Amended Petition was docketed on June 13, 2016. (ECF No. 14.) On July 8, 2016, the Court directed Respondents to answer the Petition. (ECF No. 15.) The Answer was submitted on September 15, 2016. (ECF No. 19.) Petitioner submitted a brief response on October 18, 2016. (ECF No. 20.) The matter is now fully briefed and ready for disposition.

### III. STANDARD OF REVIEW

Section 2254(a) provides in relevant part: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). State prisoners may use § 2254 to challenge decisions of the Parole Board. *See Hunterson v. DiSabato*, 308 F.3d 236, 244 (3d Cir. 2002).

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, 567 U.S. 37, 40–41 (2012). District courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 773 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV. ANALYSIS

Petitioner's sole ground for relief is that he was wrongfully denied parole in 2013 when the NJSPB failed to recognize that he had "maxed out" on his 50-year and 3-year sentences and was entitled to immediate release on parole. (ECF No. 14, Am. Pet. at 6.) The Amended Petition seeks "[i]mmediate relief [sic] from prison and any other compensory [sic], and punitive damages the Court sees fit to grant." (*Id.*, Am. Pet. at 16.) Petitioner does not challenge his continued parole supervision; instead, he merely contends that he was wrongfully denied parole in 2013.[1]

Respondents argue in relevant part that the Petition is moot because Petitioner has been released on parole and does not challenge his parole supervision. The Court agrees. The Constitution limits the judicial power of federal courts to "cases or controversies" between parties. U.S. CONST, art. Ill, § 2. "The 'case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . .The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Chestnut v. Warden Lewisburg USP*, 592 F. App'x. 112, 113 (3d Cir. 2015) (omission in original) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "'[T]hroughout the litigation,' the party seeking relief 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). In *Spencer v. Kemna*, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired. The

---

[1] Indeed, in addition to his other convictions, Petitioner is subject to lifetime parole supervision pursuant to his 1961 murder conviction.

5

Court explained that, because the re-incarceration that occurred as a result of the allegedly wrongful termination of parole was over, and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot.[2]  *See* 523 U.S. at 7.

Here, Petitioner meets the "in custody" jurisdictional requirement under § 2254 because he was "in custody" at the time he filed the Petition, *see Spencer*, 523 U.S. 1; *Mathews v. Hendricks*, No. CIV.A. 04-4033 (AET), 2005 WL 1115967, at *1 (D.N.J. May 6, 2005); however, Petitioner's claim regarding the failure to release him on parole in 2013 and his request to be paroled are moot as he was paroled on or about January 11, 2016, and there is no further relief that the Court can provide him.  *See Razzoli v. FCI Allenwood*, 200 F. App'x 166, 169 (3d Cir. 2006) (stating that "[t]hrough the passage of time Razzoli has been released on parole, thereby obtaining the relief that he sought through habeas" and holding that Razzoli's claims that his release on parole was illegally delayed are moot); *Mathews*, No. Civ. A. 04-4033(AET), 2005 WL 1115967, at *2 (dismissing habeas petition as moot where petitioner challenged failure to grant parole and was subsequently granted parole); *Husovsky v. Lavan*, 2004 WL 2316635 (E.D. Pa. 2004) (habeas petition asserting that state parole board denied parole based on a retroactive application of statutory amendments in violation of the Ex Post Facto Clause became moot when petitioner was paroled because case no longer presented a live controversy); *Bethea v. Bickell*, No. 13-CV-1694, 2015 WL 1608521, at *2 (M.D. Pa. Apr. 10, 2015)(recommending dismissal where Petitioner sought release on parole and was subsequently granted parole).  Because "the incarceration that he incurred as a result of [the denial of parole in 2013] is now over, and cannot

---

[2] An inmate's habeas challenge to a conviction does not become moot even when an inmate is released upon expiration of the sentence because "it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'" *Spencer*, 523 U.S. at 12 (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)); *see also Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968).

be undone," *Spencer*, 523 U.S. at 8, there is no relief that this Court can provide to Petitioner. To avoid mootness, Petitioner must show that he is presently subject to negative legal consequences due to the allegedly wrongful denial of parole, or that he is currently suffering from an injury caused by the denial of parole that can be redressed by a writ of habeas corpus.[3] *See Mathews*, 2005 WL 1115967, at *2. Petitioner has not made this showing, and, thus, Petitioner's habeas claim premised on the wrongful denial of parole and his request to be released on parole are moot.

It also appears that Petitioner seeks to amend his habeas petition to bring civil rights claims premised on NJSPB's failure to release him on parole in 2013. Petitioner states that "the basis of this application for a Writ of Habeas Corpus is to support the Civil Rights Claim filed in this matter for 40 Million dollars in a violation where Petitioner was maxed out on his sentence as stated by the Prison Classification Dept. annexed in this application where Classification stated that 'Your Ind. 84-8-2390I 50 yr term expired 9/6/2009.'" (ECF No. 14, Am. Pet. at 17.) Petitioner has also attached to his Amended Petition a civil rights complaint.[4] (*See* ECF No. 14, Am. Pet. at 16-24.) Petitioner may not amend this habeas action to bring civil rights claims.

---

[3] Here, Petitioner challenges a portion of his sentence that has already been served and does not explicitly challenge his continued parole supervision. Although collateral consequences are presumed where the petitioner is attacking that portion of his sentence that is still being served, *see United States v. Jackson*, 523 F.3d 234, 242 (3d Cir. 2008)(collateral consequences are presumed where the appellant was still serving a term of supervised release and her challenge was to the reasonableness of the supervised release term), collateral consequences are not presumed, but must be proven, where a petitioner is attacking a portion of the sentence that has already been served. *See United States v. Cottman*, 142 F.3d 160, 165 (3d Cir. 1998); *see also Jackson*, 523 F.3d at 241 (*Cottman* held that collateral consequences will not be presumed when "[a] defendant who is serving a term of supervised release ... challenges only his completed sentence of imprisonment").

[4] Plaintiff previously filed a civil rights action regarding his claim that he was held beyond the expiration of his sentence, and this Court dismissed the action without prejudice at screening. (*See* Civil Action No. 15-5703, ECF Nos. 7-8.)

7

*See, e.g.*, *Burnam v. Marberry*, 313 F. App'x 455, 456 n. 2 (3d Cir. 2009) (criticizing the District Court for permitting Petitioner to amend habeas action to include civil claims); *see also Forrest v. Sauers*, No. 3:CV–13–0067, 2013 WL 3097569, at *2 (M.D. Pa. June 8, 2013) ("Mr. Forrest has presented a hybrid action sounding in both civil rights and habeas. He cannot do so in a singular habeas action as his conditions of confinement claims seek monetary damages and do not call into question his sentence or conviction. As such, they do not sound in habeas and must be pursued in a § 1983 action."). Here, the Court will construe this action as one of habeas corpus and restricts its scope to challenges to the fact or duration of Petitioner's confinement or the execution of his sentence.

The Court also finds that Petitioner may not seek monetary damages in a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy"); *Marine v. Quintana*, 347 F. App'x. 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action); *Razzoli*, 200 F. App'x at 169 (3d Cir. 2006) ("The function of habeas corpus is to provide release from illegal custody") (citing *Preiser*, 411 U.S. at 484); *see also* Federal Habeas Manual § 13:4 ("it must be remembered that habeas corpus is not a compensatory remedy. 'The object is not to make whole someone who has suffered a loss; it is to determine whether a person is being confined in violation of basic norms of legality.' ")(citation omitted). As such, to the extent Petitioner seeks damages through the instant habeas action, that request for relief is also denied.

For the reasons explained in this Opinion, the Court will deny the Petition. The Court will also deny a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), a petitioner may

not appeal from a final order in a habeas proceeding unless he has "made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Didiano v. Balicki*, 2010 WL 1752191, at *6–7 (Apr. 29, 2010) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000)). Here, the Court finds that jurists of reason would not find it debatable that the Court was correct in its procedural rulings.

## V. CONCLUSION

For the reasons expressed in this Opinion, the Amended Petition is denied and the Court declines to issue a certificate of appealability. An Appropriate Order follows.

Dated: June 5, 2018

Stanley R. Chesler, U.S.D.J.